1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN CRUMP, | ) | |
| Petitioner, | ) | No. C 07-3707 CRB (PR) |
| | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| | ) | |
| ALAMEDA COUNTY SUPERIOR COURT, et al., | ) | |
| | ) | |
| Respondent(s). | ) | |

Petitioner, while on parole, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Alameda of two counts of making terrorists threats.  On August 5, 2005, he was sentenced to three years, eight months in state prison.  Petitioner appealed.

On February 27, 2007, the California Court of Appeal reversed and remanded to the trial court for resentencing in accord with the requirements of Cunningham v. California, 127 S. Ct. 856 (2007), but otherwise affirmed the judgment of the trial court.

On May 9, 2007, the Supreme Court of California denied review. The instant federal petition promptly followed.

**DISCUSSION**

A.    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B.    <u>Claims</u>

Petitioner seeks federal habeas corpus relief on the ground that the trial court violated his right to due process when it failed to order a competency hearing and appoint experts to evaluate his competency. Liberally construed, the claim appears cognizable under § 2254 and merits an answer from respondent. <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.    The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2.    Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule

2

5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

4.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: <u>Nov. 15, 2007</u>

_____

CHARLES R. BREYER
United States District Judge