Stephen Crump
P.O. Box 3178
Fairfield, California 94533
In Pro Per



# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Stephen Crump, ) | | |
| Petitioner, ) | | C 07-3707 CRB (PR) |
| v. ) | | POINTS AND AUTHORITIES |
| Alameda County Superior Court, ) | | IN SUPPORT OF TRAVERSE |
| Respondent, ) | | |
| ) | | |

## PRELIMINARY STATEMENT

Petitioner was charged in Alameda County Superior Court for two counts of making terrorist threats pursuant to Penal Code section 422. The jury after reaching a verdict finding petitioner guilty as charged on all counts and was convicted. On August 5, 2005, petitioner was sentenced to three years, eight months in state prison. Petitioner strongly asserts that he was denied due process of law because the trial court violated his state and federal constitutional rights when it failed to order a competency hearing. There is merit to petitioner's contention.

Points and Authorities In Support of Traverse – *Crump v. Alameda County Superior Court* – C 07-3707 CRB

1.

## TABLE OF AUTHORITIES

### FEDERAL CASE

*Pate v. Robinson, supra*, 383 U.S. at p. 377 .................................................................9

### STATE CASES

*People v. Ary* (2004) 118 Cal. App 4th 1016 ..................................................... 6

*People v. Castro* (2000) 78 Cal. App 4th 140 ....................................................9

*People v. Hale* (1998) 44 Cal. 3d 53 .................................................................9

*People v. Jones* (1991) 53 Cal. 3d 115 ..............................................................7

*People v. Laudermilk* (1967) 67 Cal. 2d 272 .....................................................6

*People v. Pennington* (1967) 66 Cal. 2d 508 ....................................................9

*People v. Stankewitz* (1982) 32 Cal. 3d 80 ........................................................6

*People v. Superior Court (Marks)* (1991) 1 Cal. 4th 56 ..........................................7

## STATEMENT OF PERTINENT FACTS

### Competency – related proceedings

On June 13, 2005, defense counsel moved pursuant to section 1368 for a mental competency evaluation of petitioner. (CT I 88.) The trial court denied the motion. (CT I 88.) According to counsel, "some sort of probation is warranted where he receive [sic] psychiatric treatment..." (RT [8/5/05] 10.)

### Habeas Petition Allegations

Ground One of the Petition alleges, in sum, that Petitioner's Fourteenth Amendment constitutional rights to due process were violated when the trial court failed to conduct a hearing to determine whether he was competent to stand trial when his irrational behavior was so extreme that petitioner was unable to cooperate with his own attorney or even conduct himself in a manner which would allow him to be inside the courtroom, and that defense counsel had stated the obvious; "Mr. Crump's disruptive behavior, his inability to advocate on his own behalf in that effective way suggests that he does suffer from some sort of mental illness..." (RT [8/5/05] 9.) The trial court's failure to order a mental competency hearing requires reversal.

## LEGAL ARGUMENT

PETITIONER'S DENIED DUE PROCESS BECAUSE THE TRIAL COURT FAILED TO ORDER A COMPETENCY HEARING CLAIM DOES HAVE MERIT TO HIS CONTENTION BECAUSE IT IS BASED SUBSTANTIALLY THAT NO COMPETENCY HEARING WAS EVER HELD AT ANY TIME DURING TRIAL COURT PROCEEDINGS.

Respondent argues that the superior court held a competency hearing on June 13, 2005. As demonstrated below, Respondent is wrong.

Respondent argues that because a competency hearing was held on June 13, 2005, and because petitioner was found competent at that hearing, the trial court was not obligated to conduct a second competency hearing because there was no substantial change of circumstances or new evidence casting doubt on the validity of the June 13, 2005 finding. (Respondent's Brief ("RB") 26-30.)

There is one problem with respondent's argument. There was no competency hearing on June 13, 2006. Here is what happen.

Petitioner was arrested on August 14, 2004. (CT I 205.) He did not speak to any of the public defenders who appeared in court on his behalf. (Report of Dr. Karen Franklin, dated October 13, 2004 ("Franklin Report"), at 2.) He was referred by the trial court for a mental evaluation pursuant to section 4011.6. (Franklin Report at 2.) According to the initial evaluator, petitioner remained mute. (Franklin Report at 2.)

Accordingly, on August 23, 2004, the trial court suspended criminal proceedings and appointed two alienists – Dr. Karen Franklin and Dr. Gerald Davenport – for examination and evaluation of petitioner pursuant to section 1368. (Franklin Report at 1; Report of Gerald Davenport, dated October 11, 2004 ("Davenport Report"), at 1.) Both doctors submitted their reports on October 22, 2004. (Franklin Report at 1; Davenport Report at 1.)

Dr. Franklin reported that during the examination, petitioner "blinked rapidly, but did not look toward me or say a word." (Franklin Report at 2.) According to Dr. Franklin, "patients with paranoid schizophrenia may also be mute, due to a paranoid distrust or delusional beliefs that they are the victims of a conspiracy." (Franklin Report at 3.) Yet because incompetency to stand trial must be due to a lack of capacity, and because there was insufficient information from which it could be ascertained whether petitioner's muteness was volitional or a symptom of a

mental disorder, Dr. Franklin could not opine as to petitioner's mental competency. (Franklin Report at 3.)

Dr. Davenport could do no better. Dr. Davenport reported that "petitioner did not make any eye contact throughout the limited time that he was with this clinician, nor did he utter a single word in this clinician's present [sic]." (Davenport Report at 2.) He "therefore, could not determine if petitioner understood the nature of the charges against him nor was this clinician able to determine if petitioner is capable of aiding his attorney in an appropriate defense." (Davenport Report at 2.)

Everything changed at the March 22, 2005 arraignment, presided over by Judge Winifred Smith. (RT [3/22/05] 1.) Because petitioner had remained mute, and because there was no evidence upon which an opinion or finding of mental competency could be based, the criminal proceedings had been reinstated and the arraignment held. (RT [3/22/05] 1.)

Yet, now suddenly, petitioner was no longer mute. (RT [3/22/05] 1.) Instead, petitioner abruptly accused defense counsel of involvement in a conspiracy with the trial court and prosecutor. (RT [3/22/05] 1.) His outburst caused his immediate removal from the courtroom. (RT [3/22/05] 1-2.)

Petitioner's disruptive behavior – and accusations of conspiracy – continued at the April 5, 2005 preliminary hearing, presided over by Judge Delbert Gee. (I CT 8-67. *See* AOB 5-10 [statement of facts detailing petitioner's outbursts].) He was again removed from the courtroom. (I CT 48.)

By June 13, 2005, new defense counsel had been appointed. (I CT 88.) Counsel requested that presiding Judge Thomas Reardon refer petitioner for a mental competency hearing pursuant to section 1368. (I CT 88.) No hearing was held on this date; instead, relying on the reports of

Drs. Franklin and Davenport – who had been unable to form any opinion as to mental competency – Judge Reardon simply decided petitioner was competent. (I CT 88.) Judge Reardon then assigned the matter to Judge Jon Rolefson for trial. (I CT 88.) From that day forward, Judge Rolefson presided over the proceedings through sentencing. (I CT 89, 100, 102, 104, 111, 113, 134, 138, 200.)

That is what happened. A competency hearing was never held on June 13, 2005. Nor does the record reveal that a competency hearing was held on any other date. (CT 1-214.) Respondent's argument to the contrary must be rejected.

Respondent points out that "Dr. Franklin's report indicates that a hearing was scheduled for October 22, 2004." (RB 28.) Respondent is correct. (*See* Franklin Report at 1.) Respondent then points out that "the record is silent on whether there was a competency hearing on that date, or on another date prior to the arraignment on March 22, 2005." (RB 28-29.) Again, respondent is correct. (*See* CT 1-214.)

Curiously, however, respondent does nothing to settle the matter. Instead, respondent faults petitioner for not settling the matter. (RB 29.) Of course, petitioner had no reason to augment the record in this regard. After all, the record as it now stands shows no competency hearing was ever held. (CT 1-214.) If respondent wished to prove that a competency hearing was held on October 22, 2004 or on another date prior to March 22, 2005, respondent was well within its power to request augmentation of the record. (*See* California Rule of Court 32.1.)

Nonetheless, in an abundance of caution, petitioner will not leave the record open to speculation. Contemporaneously filed with the reply brief, petitioner had filed an Application for Order Augmenting the Record on Appeal which requests that this Court order the augmentation of the record on appeal with all minutes orders of all proceedings held prior to and

including March 22, 2005. As these minute orders make perfectly clear, no competency hearing was ever held on October 22, 2004, or on another date prior to March 22, 2005. (*See* Application for Order Augmenting the Record on Appeal filed by petitioner's appellate attorney.)

Of course, the current record on appeal contains all minute orders from April 19, 2005, through sentencing on August 5, 2005. (I CT 82, 83, 84, 87, 88, 100, 102, 104, 111, 113, 134, 138, 200.) To avoid any further speculation, the application also requests that this Court augment the record with the minute order of proceedings held between March 22, 2005 and April 19, 2005. Again, these minute orders reveal that no competency hearing ever took place between March 22, 2005 and April 19, 2005. *(See* Application for Order Augmenting the Record on Appeal.)

This should settle the matter; as both the current record and an augmented record reveal, petitioner was never afforded a mental competency hearing. Again, respondent's speculation to the contrary must be rejected.

Applicable Law

1.

Section 1367, subdivision (a), provides that a defendant is mentally incompetent to stand trial when, "as a result of a mental disorder or development disability, the defendant is unable to understand the nature of the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." A trial court is required to suspend the proceedings and hold a competency hearing when substantial evidence of the accused's incompetence is introduced. People v. Ary (2004) 118 Cal.App.4th 1016; People v. Stankewitz (1982) 32 Cal.3d 80, 91-92; People v. Laudermilk (1967) 67 Cal.2d 272, 283; Penal Code 1368.) It is not necessary, however, for the defendant to raise the issue of incompetency in the trial court; where substantial evidence

Points and Authorities In Support of Traverse – *Crump v. Alameda County Superior Court* – C 07-3707 CRB

of incompetence appears, the trial court has a *sua sponte* duty to suspend the proceedings even if the defendant does not make the specific request. (People v. Superior Court (Marks) (1991) 1 Cal.4th 56, 69.)

"Substantial evidence" of incompetence is sufficient to require a competency hearing even if the trial court's personal observations of the defendant lead the judge to believe the defendant is competent. (People v. Jones (1991) 53 Cal.3d 115, 1152.) As a result, the standard applied in determining whether to suspend proceedings to evaluate the defendant's competence is objective; when the objective facts demonstrate the defendant may be mentally disabled, the court is required as a matter of law to stop the proceedings. (People v. Castro (2000) 78 Cal.App. 4th 1402, 1417.)

Here, there was more than substantial evidence that petitioner was incompetent to stand trial. The above statements of facts chronicles petitioner's disruptive and bizarre behavior throughout the trial proceedings. What it may not convey is the sheer breadth and scope of the effects of petitioner's behavior on his ability to understand the nature of the criminal proceedings against him or to assist counsel in his defense.

The most obvious effect of petitioner's behavior, of course, was his exclusion from virtually all the proceedings against him. He was excluded by the trial court from the arraignment, the preliminary hearing, the voir dire proceedings, the testimony of three witnesses against him, and the sentencing proceedings. (RT [3/22/05] 2; CT I 47; RT [6/20/05] 23; RT I 125; RT [8/5/05] 4-6.) Petitioner also excluded himself – by leaving the courtroom – from opening statements, the testimony of five witnesses against him, closing arguments, and the verdict. (RT I 18; RT II 210, 282.)

Even when petitioner was present in the courtroom, his behavior adversely affected his ability

to assist in his defense. He would not speak on the occasions where his words might benefit him. (RT [4/5/05] 1 [after repeated complaints about counsel's performance, says not a word when given the opportunity at Marsden hearing]; RT I 194-195 [after repeated insistence on testifying, says not a word in response to questioning on the stand].) When he did speak, his words only served to hurt him. (CT I 13 [refuses to read Faretta waiver form]; RT [6/13/05] 7 [insists on wearing jail clothes], 10 [insist on wearing shackles]; RT [6/20/05] 43 [tells the jury to find him guilty]; RT [8/5/05] 1-2 [insist on being sent to prison].)

On this record, it cannot be said that petitioner's behavior did anything but impede his ability to participate in the proceedings against him in any meaningful way. Nor was petitioner able to assist his own counsel.

In this regard, petitioner's relationship with defense counsel was broken from the very start. At his arraignment, and after defense counsel entered a plea of not guilty, petitioner accused counsel of a conspiracy with the judge and the prosecutor. (RT [3/22/05] 1.) At the next hearing, he accused counsel of lying. (CT I 8.)

From that point on, the relationship only worsened and petitioner wanted nothing to do with counsel. He repeatedly accused counsel of lying and refused to speak to him or even sit next to him. (See, e.g., CT I 10, 14, 15; RT [6/13/05] 2, 3, 6, 7, 10.) He insisted that counsel did not represent him, he would not follow counsel's advice and wished that no motions be made by counsel on his behalf. (See, e.g., CT I 18; RT [6/13/05] 8, 11-12, 13, 16, 19; RT [6/15/05] 1; RT I 186.)

In short, petitioner's behavior throughout the trial proceedings was substantial evidence that he was not competent to assist in his own defense. The trial court's failure to suspend the proceedings to conduct a competency hearing requires reversal. (*See* People v. Pennington, *supra*,

Points and Authorities In Support of Traverse – *Crump v. Alameda County Superior Court* – C 07-3707 CRB

66 Cal.2d at p. 521 [failure to conduct competency hearing is "per se prejudicial"].

2.

"It has long been established that conviction of an accused person while he is legally incompetent violates due process. (Pate v. Robinson (1966) 383 U.S. 375, 377; People v. Pennington (1967) 66 Cal.2d 508, 517.) Indeed, the United States Supreme Court has held that "the failure of a trial court to employ procedures to protect against trial of an incompetent defendant deprives defendant of his due process right to a fair trial and requires reversal of his conviction." Pate v. Robinson, supra, 383 U.S. at p. 377 [citations omitted]. People v. Hale (1988) 44 Cal.3d 531, 539.)

## Prejudice

Respondent argues that," the State Court's rejection of Petitioner's claim that he was denied due process because the trial court failed to hold a competency hearing was not contrary to or an unreasonable application of Supreme Court precedent." (Resp. Bf., at p.5) Respondent's argument is belied by the operative facts and the applicable law.

Regarding the law applicable to showing prejudice in the competency hearing context, on federal habeas this court does "not examine whether there was sufficient evidence to support the conviction in the absence of constitutional error" but rather the error had a "substantial effect" on petitioner when the trial failed to hold a hearing to determine whether his was competent to stand trial. (Pate v. Robinson (1966) 383 U.S. 375, 377; People v. Castro (2000) 78 Cal. App 4th 140.

## CONCLUSION

Based on the foregoing, Petitioner should be granted an evidentiary hearing on his claims, the petition should ultimately be granted, and petitioner's conviction reversed.

Dated: May 2, 2008.

Respectfully submitted,

*Stephen Crump*

Stephen Crump

Petitioner in Pro Per

CERTIFICATE OF SERVICE

I, Stephen Crump, declare as follows:

I am a citizen of the United States, over the age of 18 years and a party to the within action; my address is P.O. Box 3178, Fairfield, California 94533.

On May 2, 2008, I served the attached

PETITIONER'S TRAVERSE

PETITIONER'S POINTS AND AUTHORITIES IN SUPPORT OF TRAVERSE

by placing a true copy thereof in an envelope addressed to the person(s) named below at the address(es) shown, and by sealing and depositing said envelope in the United States Mail at Berkeley, California, with postage thereon fully prepaid. There is delivery service by United States Mail at each of the places so addressed, or there is regular communication by mail between the place of mailing and each of the places so addressed.

Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-3664

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2008, at Berkeley, California.

*Stephen Crump*
Petitioner in Pro Per



STEPHEN CRUMP
Fairfield, California 94533

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 9